**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AGNES BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-50-DGK |
| | ) | |
| MANULIFE FINANCIAL | ) | |
| CORPORATION | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GOODRICH COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MANULIFE'S MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION**

This case arises from Plaintiff Agnes Butler's attempt to recover benefits as the primary

beneficiary under a life and disability policy issued to her late husband by The Maritime Life

Assurance Company ("Maritime"). Pending before the Court is Defendant Manulife Financial

Corporation's ("Manulife") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27).[1]

Finding that Manulife is not the successor in interest to Maritime and that Manulife does not

possesses sufficient minimum contacts with Missouri to support the exercise of general personal

jurisdiction, the Court GRANTS Manulife's motion.

**Background**

Plaintiff Agnes Butler is the widow of Douglas White. On March 1, 1994, while living in

Montreal, Canada, Mr. White obtained a life insurance policy through his employer, Lucas

---

[1] In ruling on this motion, the Court has considered: Manulife's "Motion to Dismiss for Lack of Personal
Jurisdiction" (Doc. 27); Manulife's "Suggestions in Support" (Doc. 28); Plaintiff's "Suggestions in Opposition"
(Doc. 29); and Manulife's "Reply in Support of Motion to Dismiss" (Doc. 30).

Aerospace, a Canadian company. The policy was issued by The Maritime Life Assurance Company ("Maritime").

Plaintiff has alleged that Lucas Aerospace was subsequently purchased by Defendant Goodrich Company ("Goodrich"), and that Maritime was subsequently purchased by Manulife Financial Corporation ("Manulife").

Plaintiff and Mr. White moved to Missouri, and Mr. White passed away in October of 2008. On July 13, 2010, Plaintiff made a claim to Manulife for death benefits under the policy. On October 12, 2010, Manulife denied Plaintiff's claim.

On November 22, 2012, Plaintiff filed suit against "Manulife Financial" (believing that to be Manulife Financial Corporation's legal name) and Goodrich Corporation in the Circuit Court of Jackson County, Missouri, for breach of an insurance contract and vexatious refusal to pay. Plaintiff attempted to serve "Manulife Financial" through what she alleged was its U.S. affiliate, John Hancock Life & Health Insurance Company ("John Hancock").

Defendants removed the action to this Court on January 12, 2012 by invoking the Court's diversity jurisdiction. On February 10, 2012, Plaintiff filed her First Amended Complaint which substituted Manulife Financial Corporation ("Manulife") for Manulife Financial as a Defendant.

The parties agree that Manulife is a Canadian company and not a resident of Missouri.

## Standard

The question before the Court is whether it has personal jurisdiction over Manulife. "Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks omitted).

2

A federal court sitting in diversity employs a two-part inquiry when reviewing a motion to dismiss for lack of specific personal jurisdiction. First, the court must determine whether the defendant is subject to the court's jurisdiction under the Missouri long-arm statute. *Insituform Techs., Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1062 (E.D. Mo. 2005). If it is, the court must then evaluate "whether the exercise of personal jurisdiction comports with the requirements of due process." *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). Ultimately, the court must determine whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Because Missouri's long arm statute extends jurisdiction over nonresident defendants to the fullest extent permissible under the Due Process Clause, in analyzing whether it has personal jurisdiction over a nonresident defendant, a federal court sitting in Missouri need only determine "whether the assertion of personal jurisdiction would violate due process." *Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002).

The due process test for personal jurisdiction has two related components, a "minimum contacts" inquiry and a "reasonableness" inquiry." *Speraneo v. Zeus Tech., Inc.*, No. 4:12-CV-578-JAR, 2012 WL 2885592, at *2 (E.D. Mo. July 13, 2012). Sufficient minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The minimum contacts necessary to satisfy due process may be the basis for either "general" or "specific" personal jurisdiction. *Hogan v. Cosmic Concepts,* No. 4:11CV565, 2011 WL 5976105, at *2 (E.D. Mo. Nov. 30, 2011). "General jurisdiction arises when a defendant's contacts with the forum state are so 'continuous and systematic' that the

3

defendant may be subject to suit there for causes of action entirely distinct from the in-state activities; specific jurisdiction arises when the defendant has purposely directed its activities at the forum state, and the cause of action relates to those activities." *Speraneo*, 2012 WL 2885592, at *2. The reasonableness inquiry examines whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," that is, whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case. *Id.* (quoting *Int'l Shoe Co.,* 326 U.S. at 316).

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir. 1990). This showing is tested "not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004). When the court relies on pleadings and affidavits, it must look at the facts in the light most favorable to the nonmoving party, *Watlow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir. 1988), and resolve all factual conflicts in favor of that party. *Nieman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1985).

## Discussion

Plaintiff claims the Court possesses both specific and general personal jurisdiction over Manulife. The Court holds Plaintiff has failed to make a prima facie showing for either.

**A.      The Court lacks specific personal jurisdiction over Manulife.**

**1.      Manulife is not the successor in interest to Maritime.**

The parties agree that if Manulife is the successor in interest to Maritime, the company that issued the insurance policy, then the Court possesses specific personal jurisdiction over

4

Manulife. Plaintiff contends Manulife is the successor in interest by merger. Manulife argues it never merged with Maritime.

To resolve this dispute, Manulife has submitted an affidavit from its corporate secretary, Angela Shaffer, who has detailed knowledge of Manulife's corporate structure. Her affidavit states that: (1) Manulife is a holding company which is the direct or indirect parent company of various insurance companies, including Manufacturers Life Insurance Company ("Manufacturers"); (2) that Manufacturers has been and remains a separate and distinct legal entity; (3) that Maritime has not been merged into Manulife; (4) that Manulife has never received premiums for or assumed any obligations for insurance policies issued by Maritime; and (5) "Manulife Financial" is a trade name used by Manufacturers and its subsidiaries and affiliates, not Manulife. The Court finds Ms. Shaffer's affidavit persuasive.

In reply, Plaintiff has submitted an affidavit from Plaintiff's counsel's law partner, Steven Braun, stating that he visited Manulife's website and found statements claiming Manulife acquired Maritime in a 2004 merger with John Hancock. Attached to Mr. Braun's affidavit as exhibits are screen shots from this website. Assuming for the sake of argument that the Court may consider the affidavit,[2] the Court finds it fails to show that Manulife actually acquired Maritime. Exhibit B to the affidavit, a screenshot announcing the acquisition of Maritime Life, states, "Manulife Financial (The Manufacturers Life Insurance Company) has acquired Maritime Life as part of its merger with the John Hancock Group." But another page on the same website clarifies that "Manulife Financial" is a *trade name* used by The Manufacturers Life Insurance Company and its various subsidiaries and affiliates. Def. Reply Br. Exh. F (Doc. 30-8) at 2.

---

[2] Manulife argues the affidavit and exhibits should be stricken because they violate Rule 56(c)(4) in that they are not based on personal knowledge.

Additionally, an email submitted to the Court by the Plaintiff confirms that Manulife Financial is simply a trade name. The email, sent by Manulife's attorney to Plaintiff's counsel, states:

> As I indicated in our telephone call, Manulife Financial is not a legal entity. It is a trade name used by a family of companies related to Manulife Financial Corporation. Manulife Financial Corporation is the parent (either directly or indirectly) of various insurance and financial service companies. One of its subsidiaries is The Manufacturers Life Insurance Company, which is the successor to Maritime Life Assurance Company, the company that issued the policy at issue in the present case. Therefore, the proper defendant in your suit is The Manufacturers Life Insurance Company.

Doc. 29-3. The Court finds that the evidence on the record shows that Manufacturers, not Defendant Manulife, is Maritime's successor in interest.

### 2. John Hancock is not the agent or alter ego of Manulife.

Plaintiff also contends that Manulife is subject to specific jurisdiction through the actions of John Hancock. In its Suggestions in Opposition, Plaintiff asserts for the first time that John Hancock is Manulife's subsidiary, agent, and alter ego. Plaintiff contends Manulife and John Hancock amalgamated into one company in 2004. Plaintiff also asserts that an unidentified receptionist answered phones in a Manulife's St. Louis office with the greeting "John Hancock," confirming that Manulife and John Hancock are the same company. Plaintiff also suggests the John Hancock family of companies market "Manulife" products in Missouri.

As a threshold matter, Plaintiff did not claim in its Complaint that John Hancock is the agent or alter ego of Manulife, thus it has failed to plead, much less made, a prima facie showing of specific jurisdiction under this theory. Additionally, Plaintiff's assertions are contradictory. If John Hancock and Manulife had been amalgamated into one company in 2004, John Hancock could not be Manulife's subsidiary, agent, or alter ego because it would no longer exist.

6

Furthermore, these allegations completely fail to distinguish the trade name "Manulife Financial" from the Canadian entity it is suing in this case, so they fail to establish that the Court has specific personal jurisdiction.

Finally, the standard for establishing specific personal jurisdiction through an in-state subsidiary is difficult to meet. Personal jurisdiction over a nonresident defendant based on the activities of an in-state subsidiary is established "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." *Viasystems, Inc. v. EBM-Papst ST. Georgen GmbH & Co.*, KG, 646 F.3d 589, 596 (8th Cir. 2011) (internal quotation omitted). In the present case Plaintiff has not come close to alleging, much less demonstrating, that Manulife, the Canadian holding company it has sued, exercises the requisite degree of control and domination over John Hancock such that it can be considered its "alter ego."

Consequently, the Court holds Plaintiff has failed to make a prima facie showing that the Court has specific personal jurisdiction over Manulife.

**B.      Manulife's contacts with Missouri are insufficient to permit this Court to exercise general jurisdiction over it.**

Arguing in the alternative, Plaintiff claims that Manulife's contacts with Missouri are sufficiently substantial and continuous for this Court to exercise general personal jurisdiction over it. Plaintiff argues Manulife has established sufficient contacts by mailing quarterly dividend checks to citizens of Missouri, making stock available for purchase by citizens of Missouri, and maintaining an interactive website citizens of Missouri may use to purchase travel insurance.

7

In response, Manulife again offers Ms. Shaffer's affidavit which states that Manulife does not sell or service insurance policies in Missouri; that it is not registered to do business in the state; that it has no employees in the state; that it owns no real estate in Missouri; and that it has not engaged in any business directly through an agent in Missouri. Given these facts, Manulife argues the Court's exercise of general personal jurisdiction over it would violate Due Process.

The Court holds Manulife's contacts with the state of Missouri are not indicative of the "continuous and systematic business contacts" required to support a finding of general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) (stating that for a corporation to be subject to general jurisdiction, its contacts with the forum state must be so systematic and continuous as to render it "at home" in the forum state). That Manulife sends dividend checks to Missouri residents and that its stock is available for purchase by Missouri residents through a stock exchange is not enough for this Court to exercise general jurisdiction over it. Nothing about these transactions demonstrates any intention on Manulife's part to purposefully direct itself to Missouri and benefit from either its economy or its laws, nor does it establish a connection with Missouri such that Manulife should expect to be sued here. Manulife is a publicly traded company and its stock is widely available. Anyone who desires to purchase shares in the company may do so, and that person would receive a dividend check at his or her place of residence. But the decision to purchase stock is the unilateral decision of the purchaser, and it is well-established that this alone is insufficient to subject a corporation to personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (holding the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.").

8

The Court is also not persuaded by Plaintiff's contention that general personal jurisdiction exists because Manulife sells travel insurance over the internet to Missouri residents through an interactive website. The Court finds that as a factual matter this is not true. Ms. Shaffer's affidavit, which the Court finds credible, states that Manulife does not sell insurance policies anywhere, including Missouri, and Plaintiff has offered no credible evidence to the contrary. But even if this allegation were true, it would not establish general personal jurisdiction. "If the defendant merely operates a website, even a highly interactive one, that is accessible from, but does not target, the forum state," there must be other evidence that the defendant sought in some way to target the forum state's market to establish personal jurisdiction. *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011).

Accordingly, Plaintiff has not made a prima facie showing that this Court possesses general personal jurisdiction over Manulife.

### Conclusion

Plaintiff has not carried her burden of establishing the existence of either specific or general personal jurisdiction over Manulife. Accordingly, Manulife's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27) is GRANTED.

**IT SO ORDERED.**

Dated:   August 16, 2012  
/s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT

9